IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **GREAT DIVIDE INSURANCE COMPANY,** | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO.  5:20-CV-01428 |
| **THE SAN ANTONIO ROSE PALACE, INC.,** | § § § § | |
| Defendant | | |

**PLAINTIFF GREAT DIVIDE INSURANCE COMPANY'S
ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Great Divide Insurance Company ("GDIC") files this Original Complaint for Declaratory Judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. and Federal Rule of Civil Procedure 57, seeking a declaration that there is no coverage for a hail claim filed by The San Antonio Rose Palace, Inc. ("SARP") under a Commercial Property policy issued by GDIC.  GDIC shows the following in support:

**NATURE OF THE CASE**

1. This is a declaratory judgment action filed to determine coverage under an insurance contract for a hail claim filed by SARP under a Commercial Property policy issued by GDIC.

2. GDIC issued a Commercial Property policy to SARP with effective dates of March 30, 2019 through March 30, 2020.  SARP filed a hail claim with GDIC seeking coverage for alleged hail damage sustained to its property that SARP alleges was the result of a storm that occurred on or about April 13, 2019.  GDIC disputes that the alleged hail damage complained of

by SARP occurred as a result of a storm on or about April 13, 2019.

## PARTIES

3. Plaintiff, Great Divide Insurance Company ("GDIC") is a corporation incorporated under the laws of the State of North Dakota, and has its principal place of business in Urbandale, IA.

4. The San Antonio Rose Palace, Inc. ("SARP") is a corporation organized and existing under the laws of the State of Texas, with a principal place of business at 24123 Boerne Stage Rd., Suite 200, San Antonio, TX 78255.  SARP and may be served with citation by serving its registered agent for service of process, Linda Bean, at 24123 Boerne Stage Rd., Suite 200, San Antonio, TX 78255.

## JURISDICTION

5. The Court has jurisdiction over this matter under the Declaratory Judgment Act, 28 U.S.C. § 2201, and upon complete diversity of citizenship pursuant to 28 U.S.C. § 1332.  This is a civil action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Jurisdiction is also proper because the issues presented in this suit are ripe for adjudication.

## VENUE

6. Venue is proper in the Western District of Texas, San Antonio Division, under 28 U.S.C. §§1391(b)(1) and (2) because the property that is the subject of the action is situated in San Antonio, Texas and SARP, the Defendant, has a principal place of business in San Antonio, Texas.

## FACTS

7. On or about April 17, 2019, SARP filed a claim with GDIC for hail damage that was allegedly sustained to its property located at 25665 Boerne Stage Road, San Antonio, Texas 78255. According to SARP, the storm that caused the hail damage occurred on or about April 13, 2019.

8. GDIC immediately opened the claim and acknowledged same by email sent on the same date to SARP's contact and registered agent, Linda Bean.

9. On the same date, GDIC retained Engle Martin & Associates to investigate the claim. An inspection took place shortly thereafter by Engle Martin & Associates and SARP's roofing contractor, Cliff Stratton. Shortly after the inspection, it was clear that GDIC and SARP disagreed as to the existence and scope of hail damage to SARP's property. GDIC then retained an engineer, Terry Taylor, P.E. with Haag Engineering, to re-inspect the property and investigate the alleged hail damage to the roofs.

10. On June 19, 2019, Terry Taylor, P.E. inspected SARP's property. While Mr. Taylor observed and measured some shallow dents to the roof, he was able to determine that the hail that fell in the past two-three years would not have caused the observed shallow dents. Instead, historical weather data indicated that hail that fell in the more distant past (greater than 2-3 years prior to inspection) was capable of producing the dents. Moreover, according to Mr. Taylor, there were no hail splatter marks that coincided with the observed shallow dents.

11. Hail splatter marks are caused by displacement of oxides, grime, rust, paint, and sediment from hail impact, and they are a good indication that hail fell in the recent past. They also indicate relative hail size and fall direction. Typically, splatter marks fade within two to three years. As there were no splatter marks observed at areas where the shallow dents were

seen, it was clear to Mr. Taylor that the dents were caused by hail that fell more than two to three years prior to the June 19, 2019 inspection. Moreover, the observed shallow dents did not correspond to the size of hail that fell on or about April 13, 2019.

12. Mr. Taylor also reviewed historical weather data and hail events that could have produced the shallow hail dents. In particular, Mr. Taylor found that the most recent storm that could have caused the observed hail dents occurred on or about **April 17, 2016**. This storm produced sufficiently sized hail to cause the dents and fell within 2.9 miles east-southeast of SARP's property. Moreover, the event was so severe that the Texas Department of Insurance issued Catastrophe Bulletin B-0008-16. This Bulletin advised that in accordance with the TEXAS INSURANCE CODE §542.059 and 28 TAC §5.9303, the department had determined that the weather-related event that occurred between April 15, 2016 and April 20, 2016 in the counties of Bexar, Harris, Fort Bend, Dallam, and Montgomery was a catastrophe.

13. In all, GDIC's investigation and the opinions of its retained expert engineer revealed that any hail damage to SARP's property did not occur in April of 2019 as alleged by SARP, but was actually sustained as a result of a catastrophic hail storm that occurred in April of 2016.

## THE GDIC POLICY

14. SARP was issued a Commercial Property policy by GDIC, No. 7501340-11, with an effective policy period of March 30, 2019 through March 30, 2020 ("the Policy"). *A copy of the Policy is attached hereto as Exhibit 1*.

15. The Policy contains the following relevant provisions:

**LOCATION SCHEDULE**

Location #1   25665 Boerne Stage Rd.
              San Antonio, TX 78255

### BUILDING AND PERSONAL PROPERTY COVERAGE FORM

A. Coverage

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

.   .   .   .

### COMMERCIAL PROPERTY CONDITIONS

This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in the Commercial Property Coverage Forms.

.   .   .   .

H.   POLICY PERIOD, COVERAGE TERRITORY

Under this Coverage Part:

1. We cover loss or damage commencing:

   a. During the policy period shown in the Declarations;

.   .   .   .

## JUSTICIABLE INTEREST

16.   Defendant SARP has made a demand for coverage under the Policy from GDIC, and has alleged that its property sustained over $1.8M in hail damage as a result of the April of 2019 storm. However, GDIC denies that it has any duty to provide coverage under the Policy because its investigation revealed the hail damage complained of by SARP did not occur within the policy period of the Policy.

17.   GDIC seeks a declaration as to its duties and obligations, if any, to SARP. In particular, GDIC seeks a declaration that the Policy provides no coverage for SARP's hail

damage claim because the alleged damage did not occur within the policy period as required by the Policy.

18. An actual controversy, therefore, exists between the parties hereto pursuant to 28 U.S.C. §2201 *et seq.*, Chapter 37 of the Texas Civil Practice and Remedies Code, and Rule 57 of the Federal Rules of Civil Procedure, and this Court is vested with the power in the instant case to declare and adjudicate the rights and other legal relationships of the parties to this action with reference to issues raised by this Complaint.

## COUNTS FOR DECLARATORY RELIEF

**No Hail Damage Was Sustained to SARP's Property Within the Policy Period.**

19. GDIC alleges and incorporates by reference the allegations found in paragraphs 1 to 18 above.

20. The Policy only covers loss or damage commencing during the policy period. The Policy period was March 30, 2019 through March 30, 2020.

21. Yet, the damage complained of by SARP was found not to have commenced during the policy period covered under the Policy. Instead, GDIC and its retained engineer determined that the damage complained of by SARP actually occurred in April of 2016—well before the commencement of the applicable policy period.

22. GDIC seeks a declaration from this Court that the Policy affords no coverage to SARP for the hail damage it complains of because such damage did not commence within the effective policy period as is required by the Policy.

## **CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Great Divide Insurance Company prays for judgment as follows:

1. That the Court adjudicates and declares that GDIC is not required to provide coverage under the Policy for the hail damage complained of by SARP because such damage did not commence within the effective policy period of the Policy;

2. That GDIC have judgment against SARP for GDIC's costs of court and expenses in this lawsuit; and

3. That GDIC be awarded such other and further relief, legal or equitable, general or specific, to which it may show itself to be justly entitled.

Respectfully submitted,

By: */s/ R. Brent Cooper*
**R. BRENT COOPER**
Texas State Bar No. 04783250
Email: Brent.Cooper@cooperscully.com
**JULIE A. SHEHANE**
Texas State Bar No. 24048794
Email: Julie.Shehane@cooperscully.com

**COOPER & SCULLY, P.C.**
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Telecopy: (214) 712-9540

**ATTORNEYS FOR PLAINTIFF, GREAT DIVIDE INSURANCE COMPANY**